IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MANJINDER SINGH, | § |
| Petitioner, | § |
| v. | § CAUSE NO. EP-26-CV-403-KC |
| KRISTI NOEM et al., | § |
| Respondents. | § |

## ORDER

On this day, the Court considered Manjinder Singh's Motion for a Temporary Restraining Order ("TRO Motion"), ECF No. 4. Singh seeks a TRO preventing Respondents from removing him from the United States or transferring him outside the District while his case is pending. *Id.* at 1–2. He states that he "faces imminent removal on February 20, 2026" to India. *Id.* at 2, 4. And that his "[M]otion does not challenge the validity of any removal order and does not ask this Court to review the merits of removability." *Id.* at 3. He argues that he only "seeks a narrow, time-limited injunction to preserve this Court's jurisdiction over a pending habeas action challenging the lawfulness of detention and seeking constitutionally adequate process." *Id.*

However, Singh's Petition states that "he is subject to a final order of removal." Pet. ¶ 44. The Board of Immigration Appeals ("BIA") dismissed his appeal of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture on August 20, 2025. *Id.* ¶ 15. And his motion to reopen his immigration proceedings was denied. *See id.* ¶ 16. Although Singh states he has a pending Form I-360 application and received a "Prima Facia Determination," he does not allege that this prevents him from being removed pursuant to his final order of removal. *See id.* ¶¶ 17–18; *see generally id.*

As Singh concedes that he is subject to a final order of removal and does not state that his removal has been deferred or stayed, he appears by all accounts to be removable. There is thus no need for the Court to consider the lawfulness of his detention, as the only basis to challenge post-final-removal-order-detention is under *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) when that detention becomes unreasonably prolonged. And by Singh's own admission, his removal is "imminent." TRO Mot. 2. Singh even concedes that a stay of his removal order "fall[s] within the exclusive jurisdiction of the court of appeals under 8 U.S.C. § 1252." *Id.* at 3. To the extent Singh has a pending appeal of his final order of removal with a Circuit Court, he may seek a stay in that Court. *See* 8 U.S.C. § 1252(b)(3)(B).

Because this Court does not have jurisdiction to review or stay Singh's final order of removal, he is not entitled to the relief he requests. *See Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (citing 8 U.S.C. §§ 1252(g), (b)(9)).

Accordingly, the Court **ORDERS** that Singh's TRO Motion, ECF No. 4, is **DENIED**.

**SO ORDERED**.

**SIGNED this 20th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE