IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MANJINDER SINGH, | § | |
| | § | |
|   Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-403-KC |
| | § | |
| KRISTI NOEM et al., | § | |
| | § | |
|   Respondents. | § | |

# ORDER

On this day, the Court considered the case. On February 10, 2026, Manjinder Singh filed a Petition for Writ of Habeas Corpus, ECF No. 1. Singh challenged his detention as unreasonably prolonged and asked the Court to order Respondents to immediately release him. *Id.* ¶¶ 43–59; *id.* at 10. The Court ordered Respondents to show cause why the Petition should not be granted. Feb. 11, 2026, Order 3, ECF No. 3.

Respondents now notify the Court of "Petitioner's physical removal from the United States" on February 22. Advisory, ECF No. 7; *see id.* Ex A ("Form I-205"), ECF No. 7-1. Which, Respondents argue, "moots this habeas challenge." Advisory.

"[W]here an [immigration detainee] is granted the relief he requests, no 'case or controversy' remains" and thus the habeas petition is rendered moot. *Virani v. Huron*, No. 5:19-cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) (quoting *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988)). Because Singh has now been released from immigration custody, albeit through removal from the United States, the Petition is moot. *See Ortez*, 845 F.2d at 575.

Accordingly, the Court **ORDERS** that the Petition is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that all deadlines in this case are **VACATED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 26th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE